**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RICKY JEROME BRANTLEY,

*Defendant-Appellant.*

No. 02-4931

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-02-87-BO)

Submitted: June 12, 2003

Decided: June 19, 2003

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ricky Jerome Brantley appeals his conviction and sentence after he pled guilty to carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119(2), 2 (2000), and aggravated sexual abuse and aiding and abetting, in violation of 18 U.S.C. §§ 2241(a)(1), 2 (2000). His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising the issue of whether Brantley received ineffective assistance of counsel based upon counsel's failure to correctly inform Brantley of the sentence he would receive, and counsel's failure to object to the introduction of a victim impact letter at sentencing. Brantley was advised of his right to file a pro se supplemental brief, but has not filed a brief. Finding no reversible error, we affirm.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C. § 2255 (2000). *See id.*; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. We find that the record in the instant case does not conclusively establish that Brantley's counsel was ineffective. Therefore, we do not address this issue on direct appeal. Brantley may assert his claim in a § 2255 motion, if he so chooses.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Brantley's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*